# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **VERNIE M. STEFFEY,** ) | |
| ) | |
| Plaintiff, ) | Case No.1:07CV00068 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*E. Craig Kendrick, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Vernie M. Steffey filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-433, 1381-1383(f) (West 2003 and Supp. 2008). Jurisdiction of this court exists pursuant to §§ 405(g) and 1383(c)(3).

My review under the Act is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, the court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff applied for benefits on October 21, 2005 (R. at 53-62), alleging disability beginning on April 18, 2005. The plaintiff claimed she was disabled by reason of a upper back pain and numbness and tingling in her upper left extremity. (R. at 66). Her claim was denied initially on December 9, 2005 (R. at 30-35), and upon reconsideration on March 3, 2006 (R. at 38-43).

The plaintiff filed a request for a hearing before an administrative law judge ("ALJ") on March 9, 2006. (R. at 44-45.) At that time she alleged disability "by reason of a combination of physical and mental ailments." (R. at 44.) A hearing was held on February 5, 2007. (R. at 275-93.) The plaintiff, who was present and represented by counsel, testified at the hearing. (R. at 278-90.) Cathy Sanders, a vocational expert, was also present and testified. (R. at 290-92.) By decision dated April 4, 2007, the ALJ found that the plaintiff was not disabled within the meaning

of the Act. (R. at 12-21.) Although the ALJ found that the plaintiff suffered from a combination of severe impairments of degenerative disc disease and neck strain, he found she retained the residual functional capacity to perform light work. (R. at 14-15.)

The plaintiff next filed a request for review with the Social Security Administration's Appeals Council on April 12, 2007. (R. at 7-8.) The Appeals Council denied review on June 21, 2007 (R. at 4-6), and thus the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Vernie M. Steffey was thirty-four years old at the time the ALJ issued his opinion, making her a younger person under the regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c) (2008). Although the plaintiff did not complete high school, she earned her G.E.D. and obtained an associates degree in Administrative Support Technology. (R. at 280.) The plaintiff has past relevant work experience as a customer service representative, a substitute teacher, an office manager, a

bookkeeper, and a production worker. (R. at 87.) She most recently worked as a customer service representative at Cingular Wireless. (R. at 88.)

The plaintiff complains of degenerative disc disease, neck strain, and weakness and tingling in her upper left extremity. She further alleges disability based on headaches and depression.

On April 18, 2005, the plaintiff was involved in a motor vehicle accident. (R. at 144.) She was wearing her seatbelt at the time of the collision and did not lose consciousness. She was transported by ambulance to a local hospital where she complained of neck pain. (*Id.*) An X ray of her cervical spine showed no acute fracture. (R. at 145.) She was diagnosed with bruises to her neck and left shoulder and discharged the same day. (*Id.*)

The next day she followed up with her primary care physician. (R. at 206-09.) She complained of neck pain and headaches. (R. at 206.) After several visits, she was diagnosed with cervical strain and referred to physical therapy. (R. at 202.)

Steffey continued with her physical therapy program until May 26, 2005. (R. at 148-51.) At her last visit, she stated that the exercises were helpful and that she had worked the past few days without difficulty. (R. at 148.) The physical therapist noted that the plaintiff tolerated treatment well and recommended she continue with the program. (*Id.*)

While the record does not indicate whether Steffey continued with physical therapy, she did continued to complain of neck pain and she was referred to a neurosurgeon, Matthew W. Wood, Jr., M.D. Based on imaging, she was found to have a rupture of her C5 disk. On October 13, 2005, Dr. Wood performed a dickectomy and fusion. (R. at 160.) The plaintiff was followed by Dr. Wood after the surgery and received physical therapy. By office note dated March 1, 2006, Dr. Wood reported that she had "done remarkably well and has had complete resolution of her upper left extremity radicular pain." (R. at 251.) He released her to return to work "without restrictions." (*Id.*)

According to the record, Steffey last saw Dr. Wood on February 22, 2007, complaining of neck pain and headaches.[1] Imaging showed that there was no spinal cord compression and alignment was normal. (R. at 264.) Dr. Wood found no physical problems and "tried to reassure her" and "encouraged her to be as active as possible." (*Id.*)

On February 7, 2006, a state agency medical examiner, Michael J. Hartman, M.D., found that Steffey could perform a range of light work, based on a review of her existing medical records. (R. at 220-26.) A state agency psychologist, Richard

---

[1] The appointment followed the hearing before the ALJ, but he held the record open in order to receive the report of the examination by Dr. Wood.

J. Milan, Ph.D., completed a Psychiatric Review Technique Form in which he opined that the plaintiff did not have a severe mental impairment. (R. at 227-39.)

In addition to the medical evidence, the ALJ had before him evidence that the plaintiff was able to perform light housework, drove a car for short distances, shopped, and attended church. (R. at 99-106, 119-27.)

III

In her action in this court, the plaintiff contends that the ALJ's decision is unsupportable because he relied too heavily on Dr. Wood's opinion that she could return to work and should have instead obtained a consultative medical examination. (Pl's Br. 4.) She also argues that the ALJ erred in finding that her depression and headaches were not severe impairments. (*Id.* at 6-7.) Finally, it is contended that Steffey's "combination of impairments" made her eligible for benefits. (*Id.* at 8.)

After careful review of the record, I find that the ALJ's decision was based on substantial evidence and was not procedurally flawed. Dr. Wood was Steffey's treating physician and the ALJ was entitled to credit his opinion that the plaintiff could return to work without restrictions. As to her headaches, the absence of medical evidence corroborating a cause, and in light of Dr. Wood's opinion that they were not caused by any orthopedic problem, justified the ALJ's finding.

While the plaintiff had been treated in the past for depression, there was substantial evidence, based on her daily activities and other medical records, that this depression was not a severe impairment.

Finally, while a combination of impairments may lead to a finding of disability, there is no indication in the record of evidence that required such a result. In short, the ALJ's decision was within the scope of his discretion and cannot be overturned by this court.

IV

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: August 20, 2008

/s/ JAMES P. JONES
Chief United States District Judge